IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER, | 1:09-cv-01117-SMS (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| STATE OF CALIFORNIA et al., | |
| Respondent. / | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from Los Angeles County, which is in the

-1-

1  Central District of California.  Therefore, the petition should have been filed in the United States District
2  Court for the Central District of California.  In the interest of justice, a federal court may transfer a case
3  filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d
4  918, 932 (D.C. Cir. 1974).
5         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
6  District Court for the Central District of California.
7  IT IS SO ORDERED.
8  **Dated:   July 6, 2009**                    /s/ **Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE